Mr. Justice Ti-ugher
delivered the opinion of the court.
The probate court of Yalabusha county, granted letters of administration to William Wright, upon the estate of Jeffrey Beck, deceased. At a term, subsequent to this grant of letters, Mildred Beck, widow of said Jeffrey, filed her petition in the same court, charging, that said Jeffrey died in the state of Arkansas, intestate, and that a portion of his property was improperly removed, after his death, into this state, and the county of Yalabusha, and praying for a revocation of said letters of administration, for the setting aside of sales of certain property made by Wright, as administrator, aforesaid, and for a grant of letters to said petitioner. The court below decreed, revoking the letters of Wright, and setting aside the sales made by him, in his capacity of administrator.
The statute H. & H. 395, sec. 35, provides that the granting of letters of administration, of the estate of any intestate, and the hearing and determining the right of the same, shall pertain to the orphans’ court of the county in which the intestate had, at the time of his or her death, a mansion-house, or known place of residence; and, if he or she shall have no such known place of residence, then to the orphans’ court of the county where the intestate' shall die, or of that wherein his or her estate, or the greater part thereof, shall be.
The question to be resolved, is, whether the statute is to be *281 construed to relate to the county where the estate may be, at the decease of the intestate, or to the county where it may be at the time of granting the letters of administration.
A fair construction of the language of the statute, leads to the determination that the county is alone intended in which the estate may be at the time of the decease of the intestate. In New York, the statute, besides authorizing a grant of letters of administration, under the same circumstances as they are allowed in this state, provides further, that they shall be granted where an intestate, not an inhabitant of that state, dies out of that state, not leaving assets therein, but assets shall thereafter come into the county of a surrogate. Kirtland’s Surrogates, 61. The question now before us was determined, as has been above intimated, in the case of Embry v. Millar, 1 A. K. Marshall, 300.
The grant of letters of administration to Wright, by the probate court of Yalabusha county, was coram non judice, and, therefore it was competent for thát court, upon being apprized of that fact, to direct them to be revoked, vacated, or recalled. But that court proceeded a step further, and directed sales, which had been made by Wright, as administrator aforesaid, to be set aside. This was assuming a jurisdiction which, under the circumstances, did not appertain to that court.
The decree of the probate court must, therefore, be reversed, and a decree entered in this court, directing the letters of administration granted to William Wright, upon the estate of Jeffrey Beck, to be revoked.